# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT J. O'NEILL and ROBERT J. O'NEILL LLC | § § § § § § § § § § § | |
| v. | | |
| FRISCO SILVER STAR HOTEL CORPORATION d/b/a OMNI FRISCO SILVER HOTEL, OMNI HOTELS MANAGEMENT CORPORATION, and JOHNNY LEE LOOMIS | | CIVIL ACTION NO. 3:24-CV-2074-S |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Johnny Lee Loomis's Partial Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint ("Loomis Motion") [ECF No. 50] and Defendants Frisco Silver Star Hotel Corporation d/b/a Omni Frisco Silver Hotel and Omni Hotels Management Corporation's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint ("Hotel Motion") [ECF No. 54] (collectively, "Motions"). The Court has reviewed the Motions, the Brief in Support of the Loomis Motion ("Loomis Brief") [ECF No. 51], the Brief in Support of the Hotel Motion ("Hotel Brief") [ECF No. 55], Plaintiffs Robert J. O'Neill and Robert J. O'Neill LLC's Omnibus Response and Brief in Opposition to the Motions ("Response") [ECF No. 56], the Reply in Support of the Hotel Motion [ECF No. 57], and the applicable law. For the following reasons, the Court **GRANTS IN PART** the Motions to the extent that the Court dismisses Plaintiffs' negligent hiring, supervision, and retention claims, dismisses Plaintiff Robert J. O'Neill LLC's assault and false imprisonment claims and the vicarious liability claims predicated on them, and strikes all references to Defendant Johnny Lee Loomis's alleged past misconduct.

## I. BACKGROUND

This case arises out of an alleged physical altercation between Plaintiff Robert J. O'Neill and Defendant Johnny Lee Loomis, a security guard at the Omni Frisco Hotel at The Star, a hotel owned and operated by Defendants Frisco Silver Star Hotel Corporation d/b/a Omni Frisco Silver Hotel and Omni Hotels Management Corporation ("Hotel Defendants"). In August 2023, O'Neill stayed as a guest at the Omni Frisco Hotel at The Star. First Am. Compl. ("Complaint") [ECF No. 49] ¶¶ 2, 36-37. During his stay, O'Neill visited the hotel bar at night, where he "ordered one drink, and, tired from his day, fell asleep alone at the bar." *Id.* ¶¶ 37-38. Loomis, a security guard at the hotel, approached O'Neill and accompanied O'Neill to his room. *Id.* ¶¶ 39-40. At the door of his room, O'Neill "searched for his keycard to unlock the door." *Id.* ¶ 40.

As O'Neill tried to get into his room, Loomis allegedly "intentionally made contact with O'Neill's person by reaching for and grabbing O'Neill's hotel key and/or wallet." *Id.* ¶ 123. The sequence of events that immediately followed this alleged contact is unclear based on the pleadings filed to date. However, Plaintiffs allege that "Loomis contacted another hotel employee . . . and requested that [he] call the police. Loomis alleged that O'Neill had assaulted him and used a racial slur." *Id.* ¶ 42. When the police arrived, Plaintiffs allege that Loomis "g[a]ve a description of the events . . . that differed from the actual incident." *Id.* ¶ 43. Police arrested O'Neill and took him to the Frisco County jail for alleged public intoxication. *Id.* ¶ 45. Police also obtained a warrant for O'Neill's arrest on an assault charge. *Id.* O'Neill was not prosecuted for either public intoxication or assault. *Id.* ¶ 46.

Plaintiffs allege that, prior to this incident, O'Neill had a "robust schedule of speaking engagements" booked through his company, Plaintiff Robert J. O'Neill LLC ("RJO"). *Id.* ¶¶ 71-72. As a result of Defendants' actions, Plaintiffs claim that they "have incurred substantial

losses in income, opportunities, and revenue," *id.* ¶ 72, and that "[O'Neill's] business, RJO, was ruined," *id.* ¶ 35.

Plaintiffs sued, asserting claims for negligent hiring, supervision, and retention and vicarious liability against the Hotel Defendants, *id.* ¶¶ 76-106, and for defamation, false imprisonment, and assault against Loomis, *id.* ¶¶ 107-125. Under Federal Rule of Civil Procedure 12(b)(6), Loomis moves to dismiss RJO's claims against him, Loomis Mot. 1, and the Hotel Defendants move to dismiss Plaintiffs' claims against them, Hotel Mot. ¶¶ 6-8. Under Federal Rule of Civil Procedure 12(f), all Defendants move to strike references of Loomis's alleged past misconduct. Loomis Mot. 2; Hotel Mot. ¶ 10.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

### III. ANALYSIS

The Hotel Defendants move to dismiss Plaintiffs' direct negligence and vicarious liability claims against them because Plaintiffs' injuries were not foreseeable, Hotel Br. 5-6, and because Loomis was not acting in the course and scope of his employment at the time, *id.* at 14 n.10. Loomis moves to dismiss RJO's defamation, false imprisonment, and assault claims against him because it "cannot legally maintain a claim for false imprisonment or assault" and because it was not involved in the incident at issue. Loomis Br. 3. Loomis also moves to strike allegations of his alleged prior misconduct and descriptions of him as "sordid" and "deviant" from the Complaint because they are immaterial, irrelevant, and "scandalous."[1] *Id.* at 5-6.

The Court first addresses Plaintiffs' direct negligence claims against the Hotel Defendants. Second, the Court considers RJO's tort claims against Loomis. The Court then turns to Plaintiffs' vicarious liability claim against the Hotel Defendants. Finally, the Court addresses Defendants' request to strike certain references from the Complaint.

### A. Direct Negligence

The Hotel Defendants move to dismiss Plaintiffs' negligent hiring, retention, and supervision claims against them.

---

[1] The Hotel Defendants incorporated this argument by reference. Hotel Br. 3 n.4.

4

*i. Negligent Hiring*

The Texas Supreme Court has not determined the existence or precise elements of a negligent hiring claim. *Endeavor Energy Res., L.P. v. Cuevas*, 593 S.W.3d 307, 311 (Tex. 2019) (citation omitted). But to the extent that Texas law recognizes such a claim, it requires negligence by the employer and "some harmful or negligent conduct" by the employee. *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012). Both acts must proximately cause the plaintiff's injury. *Werner Enters., Inc. v. Blake*, 719 S.W.3d 525, 540 (Tex. 2025) (citation omitted). Proximate cause "includes two components, cause-in-fact and foreseeability." *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018) (citation omitted). "Whether an injury is foreseeable in a particular instance requires 'more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury.'" *McDorman ex rel. Connelly v. Texas-Cola Leasing Co.*, 288 F. Supp. 2d 796, 804 (N.D. Tex. 2003) (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995)).

Plaintiffs argue that the Hotel Defendants negligently hired Loomis because they failed to conduct an adequate investigation as part of Loomis's employment screening. Compl. ¶¶ 80-82; Resp. 9. Plaintiffs contend that the Hotel Defendants did not perform an internet search, which would have uncovered information about Loomis's past that purportedly would have made the alleged assault, defamation, and false imprisonment foreseeable. Resp. 9, 17. Plaintiffs point to a report authored by a human resources professional stating that "social media and internet checks" are an industry best practice. Compl., Ex. 1 [ECF No. 49-1] 2. But importantly, Plaintiffs cite no Texas case that establishes a duty for employers to conduct internet searches of prospective employees. Nor is the Court aware of any. *See Doe v. YUM! Brands, Inc.*, 639 S.W.3d 214, 228 (Tex. App.—Houston [1st Dist.] 2021, no pet.) ("[Plaintiff] cites no authority, nor are we aware

5

of any, suggesting an employer has a duty to go beyond performing a background check to examine a prospective employee's social media accounts to determine whether hiring the individual would create an unreasonable risk of harm to others."). The sole case that Plaintiffs reference, *Doe v. Coe*, 135 N.E.3d 1, 13-14 (Ill. 2019), had a direct nexus between the misconduct that would have been uncovered by an internet search and the misconduct committed by the defendant, and is an Illinois state court case that is neither binding on nor persuasive to this Court.

Texas courts routinely hold that present conduct without a sufficient connection to past behavior is not foreseeable. *See, e.g., YUM! Brands*, 639 S.W.3d at 228 (finding that an employee's "unquestionably tasteless" social media activity did not make the employee's criminal activity foreseeable (citation omitted)); *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796-97 (Tex. 2006) (holding that an employee's violation of peace officer manual and use of profanity did not make the employee's alleged assault foreseeable); *McDorman*, 288 F. Supp. 2d at 805 (concluding that an employee's marijuana and domestic violence convictions, among other conduct, did not make the employee's negligent operation of a vehicle foreseeable); *Barton v. Whataburger, Inc.*, 276 S.W.3d 456, 463 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (finding that an employee's drug conviction and failure to pay child support did not make the employee's aggravated assault foreseeable (citation omitted)); *Boys Club of Greater Dall.*, 907 S.W.2d at 478 (determining that an employee's driving while intoxicated convictions did not make the employee's criminal conduct, including sexual assault of young boys, foreseeable).

Here, the required nexus is not present. Plaintiffs allege that Loomis's "problematic past" includes allegations of "serious misconduct against vulnerable individuals, maintenance of at least four fake identities, misuse of employer property, and . . . fictionalized stories of violence against vulnerable individuals." Compl. ¶ 29. Even if the Hotel Defendants had performed an internet

6

search of Loomis, and even if they had found this information on Loomis's "problematic past," the Court finds that it would not have made the alleged assault, defamation, and false imprisonment foreseeable. O'Neill, a military veteran who is "fully aware of his capabilities in any physical confrontation," *id.* ¶ 47, is not a vulnerable individual. And alleged use of fake identities and misuse of employer property do not indicate a propensity for assault, defamation, or false imprisonment. Thus, Loomis's alleged past lacks a sufficient nexus to the torts alleged in the Complaint to make those torts foreseeable.

Plaintiffs also contend that Loomis "did not hold the necessary certifications, licenses, or registrations" to work in the Hotel Defendants' security department, and that this issue should have "immediately disqualified Loomis from employment." *Id.* ¶ 82. According to Plaintiffs, Loomis was a "Security Officer" under Texas Occupations Code § 1702.222 and therefore must have been certified with the State. *Id.* ¶¶ 53-55 & n.2. However, Texas Occupations Code § 1702.323 clarifies that, subject to certain exceptions, "this chapter does not apply to an individual employed in an employee-employer relationship exclusively and regularly by one employer in connection with the affairs of the employer." Plaintiffs argue that Loomis "worked for the [Hotel Defendants'] security department," Compl. ¶ 55, and do not allege that Loomis fell into any of the exceptions contained in Section 1702.323.[2] Therefore, nothing in the Complaint indicates that Loomis was required to be certified by the State. Regardless, even if Loomis was required to be certified, Plaintiffs allege no facts indicating that Loomis's lack of certification made his alleged torts foreseeable. *See Fifth Club*, 196 S.W.3d at 796-97 (holding that an employee's violation of a peace officer manual did not make his assault against a patron foreseeable). Because nothing in Loomis's background made

---

[2] Plaintiffs allege new facts in their Response in an attempt to allege that Loomis fell into one of the exceptions in Section 1702.323. *See* Resp. 21. The Court will not consider allegations that are included in a response brief but not in the Complaint. *Obinyan v. Prime Therapeutics LLC*, No. 3:18-CV-0933-D, 2019 WL 5647955, at *3 (N.D. Tex. Oct. 31, 2019) (citation omitted).

his alleged assault, defamation, and false imprisonment foreseeable to the Hotel Defendants, the Court dismisses Plaintiffs' negligent hiring claim.

### ii. Negligent Retention

The Texas Supreme Court has not definitively recognized negligent retention as an independent theory of liability. *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 505 (Tex. 2017) (citation omitted). However, like negligent hiring, the plaintiff must show that he "'suffer[ed] some damages from the foreseeable misconduct of an employee' who was . . . retained pursuant to the defendant's negligent practices." *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App.—Dallas 2015, no pet.) (quoting *Wansey*, 378 S.W.3d at 247).

Plaintiffs allege that the Hotel Defendants negligently retained Loomis for two reasons. First, Loomis, "[o]n at least two occasions . . . was involved in violent altercations with [the Hotel Defendants'] guests," and, in "at least one of those instances, he fabricated a wholly false narrative to cast himself as the victim rather than the aggressor." Compl. ¶ 85. Second, Loomis's past employer allegedly called the Hotel Defendants a year prior to the events at issue here and told the Hotel Defendants about Loomis's alleged "previous misconduct," including "incidents involving vulnerable individuals." *Id.* ¶¶ 56-57. Neither the previous altercations nor the phone call made Loomis's alleged torts here foreseeable.

Plaintiffs allege that Loomis had violent altercations with at least two guests prior to the events in this case. *Id.* ¶¶ 49-52. According to Plaintiffs, the first altercation, which occurred in 2017, resulted in Loomis "claim[ing] to be the victim" of an assault. *Id.* ¶ 49. Plaintiffs claim that in the second altercation, which occurred in 2021, Loomis attacked a guest. *Id.* ¶¶ 50-52. The Hotel Defendants "failed to take any remedial action" after either of the altercations. *Id.* ¶ 85. Therefore, according to Plaintiffs, the Hotel Defendants negligently retained Loomis. *Id.* ¶¶ 85, 88.

8

However, the Hotel Defendants point out that per public court records, it was the guest who was charged with assault after each altercation, not Loomis, and it was the guest, not Loomis, who pleaded guilty to assault. Hotel Br. 6-8; Hotel Defs.' App. in Supp. of Hotel Mot. [ECF No. 23]. The Court takes judicial notice of the public court records showing the guests' guilty pleas.³ Two altercations in six years, both of which resulted in guilty pleas naming Loomis as the *victim* of an assault, not the perpetrator, are insufficient to make Loomis's alleged conduct foreseeable.

Plaintiffs also claim that Loomis's previous employer "reached out to a *representative* of the Hotel Defendants" in 2022 and told that person about Loomis's previous alleged misconduct. Compl. ¶ 56 (emphasis added). Plaintiffs claim that Loomis's previous employer provided the Hotel Defendants with "an investigative report packet" and that "[d]espite receiving this information, the Hotel Defendants did not take reasonable steps to address Loomis'[s] past misconduct." *Id.* ¶¶ 57-58. The Hotel Defendants' failure allegedly "demonstrat[ed] a willful disregard for guest safety and welfare." *Id.* ¶ 59.

"In cases of direct corporate liability, knowledge may be imputed to a corporate employer from information obtained by its ***supervisory employees and agents***." *Verizon Emp. Benefits Comm. v. Frawley*, 655 F. Supp. 2d 644, 649 (N.D. Tex. 2008) (emphasis added) (internal quotation marks and citation omitted). "To impute an employee's knowledge to a company, the employee must be 'acting within the scope of his authority' and the knowledge must relate 'to matters within the scope of that authority.'" *United States v. Harlingen Med. Ctr.*, 701 F. Supp. 3d 636, 651 (S.D. Tex. 2023) (quoting *In re Hellenic Inc.*, 252 F.3d 391, 395 (5th Cir. 2001)).

---

³ The filings are available through searches on the Collin County Courts Records Inquiry webpage (https://cijspub.co.collin.tx.us/PublicAccess/Search.aspx?ID=100#MainContent). A district court may properly take judicial notice of public records in state court proceedings. *See Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 892 (5th Cir. 2020) (citation omitted); *see also Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 249 n.3 (5th Cir. 2007) ("All court records are presumptively available to the public . . . .").

Plaintiffs allege no facts to indicate that Loomis's previous employer provided information to a supervisory employee or agent of the Hotel Defendants. Therefore, Plaintiffs fail to sufficiently allege that the Hotel Defendants had knowledge of Loomis's alleged past conduct. Moreover, as explained above, even if the Hotel Defendants had received information from Loomis's previous employer, it would not have made the conduct described in the Complaint foreseeable. Because Loomis's two past altercations with guests, where he was adjudicated to be the victim of such assaults, and information on his past employment did not make his conduct foreseeable, the Court dismisses Plaintiffs' negligent retention claim.

### iii. Negligent Supervision

The Court dismisses Plaintiffs' negligent supervision claim for the same lack of foreseeability discussed above. *See McDorman*, 288 F. Supp. 2d at 804 ("Foreseeability is a pivotal issue in assessing whether an employer has a duty in the context of a negligent . . . supervising . . . of an employee." (citation omitted)).

\*   \*   \*

Because Loomis's prior conduct did not make his alleged conduct foreseeable, the Court dismisses Plaintiffs' negligent hiring, supervision, and retention claims against the Hotel Defendants.

### B. Tort Claims

Loomis moves to dismiss RJO's claims against him for defamation, false imprisonment, and assault. To the extent that RJO brought a false imprisonment or assault claim, RJO has since expressly abandoned such claims. *See* Resp. 21 (stating that the "[Complaint] does not assert a claim by RJO against Loomis for false imprisonment or for assault").

10

RJO does, however, maintain its defamation claim. *Id.* at 21-22. Loomis argues that "Plaintiffs plead no facts that show Loomis published any statements, much less any false statements, concerning RJO." Loomis Br. 4. When a defamatory statement "specifically injures the reputation of [a business owner]," the resulting damages are those "suffered as the owner *of* the business," not those suffered by the business itself. *Waste Mgmt. of Tex., Inc. v. Tex. Disposal Sys. Landfill, Inc.*, 434 S.W.3d 142, 150 n.35 (Tex. 2014) (citation omitted). "O'Neill conducts his speaking engagements through his company, RJO[.]" Compl. ¶ 72. And Plaintiffs allege that, because of Loomis's defamation of O'Neill, O'Neill's "speaking opportunities declined, book sales dropped, [and] revenue fell, and . . . RJO was ruined." *Id.* ¶ 35. As the owner of the business, then, it is possible that RJO's reputation may have been injured by Loomis's alleged defamation. Accepting all well-pleaded facts as true and viewing them in the light most favorable to Plaintiffs, as the Court must, the Court concludes that Plaintiffs pleaded sufficient facts to state a claim for relief that is plausible on its face. Therefore, the Court dismisses RJO's false imprisonment and assault claims but declines to dismiss RJO's defamation claim.

### C. Vicarious Liability

The Hotel Defendants move to dismiss Plaintiffs' vicarious liability claims against them. Generally, an employer is vicariously liable for the torts of its employees "committed in the course and scope of their employment . . . even though the employee's tort is intentional when the act, although not specifically authorized by the employer, is closely connected with the [employee's] authorized duties." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 617-18 (Tex. 1999) (citations omitted). While "[i]t is not ordinarily within the scope of a[n] [employee's] authority to commit an assault on a third person, . . . exceptions may exist where the assault . . . is closely connected with the [employee's] authorized duties, such as where a security guard uses more force than is

11

necessary." *Medina v. Herrera*, 927 S.W.2d 597, 601 (Tex. 1996) (first alteration in original) (citation omitted).

### i. Plaintiff Robert J. O'Neill

With respect to O'Neill's claims against the Hotel Defendants, Plaintiffs allege that Loomis was acting in the course and scope of his employment as a security guard for the Hotel Defendants when he published false statements about O'Neill to another employee and to law enforcement officers, Compl. ¶¶ 109, 101-02, instigated O'Neill's arrest, *id.* ¶¶ 120, 101-02, and "intentionally made contact with O'Neill's person by reaching for him and grabbing O'Neill's hotel key and/or wallet," *id.* ¶¶ 123, 101-02. Accepting Plaintiffs' well-pleaded allegations as true, Plaintiffs have pleaded sufficient facts to make O'Neill's vicarious liability claim plausible on its face.[4] The Court denies the Hotel Defendants' request to dismiss O'Neill's vicarious liability claim.

### ii. Plaintiff RJO

For the reasons stated above, any claims by RJO for false imprisonment and assault have been abandoned. As such, the Hotel Defendants cannot be vicariously liable for such violations, and the Court dismisses RJO's vicarious liability cause of action predicated on those claims. However, RJO's vicarious liability claim survives at this stage of this lawsuit to the extent it is based on defamation.

---

[4] The Hotel Defendants argue that because Plaintiffs allege that "Loomis recognized O'Neill and wanted to cause him great harm and embarrassment out of ill will and spite," Compl. ¶ 113, there is no basis for vicarious liability, Hotel Br. 14 n.10. While the Hotel Defendants are correct that an employer is generally not liable for an intentional tort committed by an employee out of personal animus, *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (citation omitted), the Court need not accept Plaintiffs' conclusory allegation as true, *see Pamon v. U.S. Postal Serv.*, No. 3:25-CV-539-G-BK, 2025 WL 3785554, at *4 (N.D. Tex. Nov. 3, 2025) (citation omitted), *report and recommendation adopted by* 2026 WL 19417 (N.D. Tex. Jan. 2, 2026).

*D. Motion to Strike*

Loomis moves to strike the references to his background and past employment in the Complaint because they are irrelevant and "scandalous." Loomis Br. 5-6. "Federal Rule of Civil Procedure 12(f) provides that a district court 'may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'" *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (alteration in original) (quoting FED. R. CIV. P. 12(f)). Scandalous "generally refers to any allegation that unnecessarily reflects on the moral character of an individual." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 645 (N.D. Tex. 2007) (citation omitted). Plaintiffs argue that Loomis's past conduct "is highly probative in the negligent hiring case." Resp. 24. But the Court dismissed those claims above and has already struck similar allegations of Loomis's past alleged misconduct. *See* Tr. of Aug. 19, 2025, Hr'g, ECF No. 48, at 53:18-54:22. Because the Court has dismissed Plaintiffs' negligent hiring, supervision, and retention claims, in addition to the reasons for which the Court previously granted Defendants' first motion to strike, the Court strikes all references to such purported "misconduct" in the Complaint, including any material attached to the Complaint, as requested in the Loomis Motion.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant Johnny Lee Loomis's Partial Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint [ECF No. 50]. The Court **GRANTS** the Loomis Motion to the extent that the Court **DISMISSES WITH PREJUDICE** Plaintiff Robert J. O'Neill LLC's assault and false imprisonment claims and **STRIKES** all references to Defendant Johnny Lee Loomis's alleged past misconduct. The Court **DENIES** the Loomis Motion as to Plaintiff Robert J. O'Neill LLC's defamation claim.

Further, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants Frisco Silver Star Hotel Corporation d/b/a Omni Frisco Silver Hotel and Omni Hotels Management Corporation's Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint [ECF No. 54]. The Court **GRANTS** the Hotel Motion to the extent that the Court **DISMISSES WITH PREJUDICE** Plaintiffs' negligent hiring, supervision, and retention claims against Defendants Frisco Silver Star Hotel Corporation d/b/a Omni Frisco Silver Hotel and Omni Hotel Management Corporation, and Plaintiff Robert J. O'Neill LLC's vicarious liability claims predicated upon its assault and false imprisonment claims. The Court **DENIES** the Hotel Motion as to Plaintiff Robert J. O'Neill's vicarious liability claim and Plaintiff Robert J. O'Neill, LLC's vicarious liability claim predicated on its defamation claim.

**SO ORDERED.**

SIGNED March 6, 2026.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**